UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FJERRY, INC.,

Plaintiff,

-v-

DWLL, INC. and KIMO, INC.,

Defendants.

24-CV-516 (JPO)

DEFAULT JUDGMENT

J. PAUL OETKEN, District Judge:

WHEREAS, this action was commenced with filing of a summons and complaint on January 24, 2024;

WHEREAS, Defendant DWLL, Inc., ("DWLL") which is not an infant, in the military, or an incompetent person, was served with a copy of the summons and complaint via personal service on Venita Moss, authorized agent of the Secretary of State, on March 18, 2024, as reflected in the affidavit of service and on the docket sheet by the proof of service filed on March 27, 2024 (Doc. No. 8);

WHEREAS, by Court Order, the Court deemed DWLL, Inc. in default on May 1, 2024 (ECF No. 12);

WHEREAS, DWLL's answer to the complaint was due on April 8, 2024;

WHEREAS, DWLL has failed to appear, plead, or otherwise defend within the time allowed and, therefore, is now in default;

WHEREAS, an Amended Complaint was filed on May 7, 2024, but the Amended Complaint did not include any new claims against DWLL, Inc. (Fed. R. Civ. P. 5(a)(2));

1

WHEREAS, The Clerk entered a Certificate of Default against DWLL on June 11, 2024 (ECF No. 25);

WHEREAS, an amended complaint adding Defendant Kimo, Inc. ("Kimo") was filed on May 7, 2024;

WHEREAS, Kimo, which is not an infant, in the military, or an incompetent person, was served with a copy of the summons and amended complaint via personal service on Christy Oldham, authorized agent, on May 14, 2024, as reflected in the affidavit of service and on the docket sheet by the proof of service filed on June 4, 2024 (ECF No. 17);

WHEREAS, Kimo's answer to the complaint was due on June 4, 2024;

WHEREAS, Kimo has failed to appear, plead, or otherwise defend within the time allowed and, therefore, is now in default;

WHEREAS, The Clerk entered a Certificate of Default against Kimo on June 5, 2024 (ECF No. 20);

WHEREAS, Plaintiff filed a motion for default judgment supported by a memorandum of law and the declarations of Jeffrey A. Lindenbaum and Michael A. Nesheiwat and other supporting documents;

WHEREAS, the Court, having reviewed the record, including Plaintiff's Motion for Default Judgment and supporting papers, finds:

  a. The Court has subject matter jurisdiction over the claims in this dispute;

  b. The Court has personal jurisdiction over the Defendants;

  c. Defendants having defaulted, are liable for Copyright Infringement, False Endorsement under the Lanham Act, and Violation of Right of Publicity;

  d. Defendants' infringement is deemed willful;

2

e.      Plaintiff is entitled to statutory damages under the Copyright Act, as well as damages under the Lanham Act and New York's Right of Publicity laws, and under these circumstances and based on the evidence presented to the Court a hearing is unnecessary to further calculate a reasonable damages award; and

f.      Plaintiff is entitled to attorney's fees, costs and post-judgment interest.

NOW THEREFORE, it is hereby **ORDERED**:

1.      Plaintiff's Motion for Default Judgment against both Defendants is GRANTED.

2.      Final Judgment is hereby ENTERED in favor of Plaintiff and against Defendants on Counts I-III of the Amended Complaint, namely Copyright Infringement, False Endorsement under the Lanham Act, and Violation of New York's Right of Publicity laws.

3.      Defendants are enjoined from infringing the registered work identified in this paragraph, and Defendants shall not copy, reproduce, distribute, display or make derivative works of the Copyrighted Work:



4.      Judgment and an award of damages are hereby entered in favor of Plaintiff and

against Defendants, joint and severally, in the amount of $30,000.00.

5.      This Judgment additionally includes an award of $23,789.00 in attorney's fees and $765.00 in costs which Defendants are directed, jointly and severally, to pay to Plaintiff.

6.      Plaintiff is entitled to post-judgment interest measured from the date of the entry of the judgment, at a rate equal to the weekly average 1–year constant maturity Treasury yield for the calendar week preceding the date of the judgment, computed daily to the date of payment and compounded annually. 28 U.S.C. § 1961(a)-(b).

7.      The Clerk of the Court is directed to enter this Judgment, terminate the motion at ECF No. 26, and close this case.

        SO ORDERED.

Dated: July 17, 2024
        New York, New York

_____
            J. PAUL OETKEN
        United States District Judge

4